The plaintiff, on the 19th of January, 1898, was the house surgeon of the Flower Hospital, and, in the absence of the ambulance surgeon, responded to an ambulance call, which came into the hospital. The ambulance was driven by one McCoy, and the plaintiff sat on the rear seat, facing the front, in the manner customary with ambulance surgeons. It was necessary to pass through East Fifty-Eighth street going in a westerly direction, and in crossing Third avenue the rear wheel of the ambulance was struck by a cable car of the defendant, running south, the vehicle being badly damaged, and the plaintiff thrown to the pavement, sustaining the injuries which constitute the basis of this action. There was evidence from which the jury might properly conclude that the defendant was guilty of negligence, and that the plaintiff was free from negligence contributing to the accident; and, on the questions being submitted, the jury returned a verdict for $500. The defendant appeals from the judgment entered upon this verdict, and from the order denying a motion for a new trial upon the minutes.

A careful examination of the matters called to the attention of this court by the defendant's counsel leads to the conclusion that there was no reversible error on the part of the learned trial court. It has been held that a violation of a municipal ordinance was some evidence of negligence (Knupfle v. Ice Co., 84 N. Y. 488; McCambley v. Railroad Co., 32 App. Div. 346, 52 N. Y. Supp. 849), and it was proper on this trial to place before the jury the ordinance of the city of New York giving to ambulances the right of way, as that was one of the restrictions under which the defendant company operated its cars. At street intersections the rights of all vehicles, in the absence of municipal or statutory regulations, are equal, but considerations of humanity step in, and determine that ambulances shall have the right of way, and the defendant owed the duty to the public of operating its cars with reference to that ordinance. The duty to give the right of way is not absolute; it must "yield the right of way where possible" (section 370 of the Ordinances of New York); and it was proper that the jury should have this ordinance in view when determining the question of the defendant's negligence.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(29 Misc. Rep. 213.)

### HERKIMER COUNTY v. TOWN OF SANGERFIELD.

(Supreme Court, Trial Term, Herkimer County. October, 1899.)

PAUPERS—ALMSHOUSES—TOWNS.

Where children were temporarily, and during the brief time they were deprived of their father's support, cared for at an almshouse, at the desire of themselves and their mother, and no one interfered in their behalf, and the expense incurred was much less than it would have been had they been provided for in families or orphan asylums, etc., as required by Laws 1896, c. 225, § 56, prohibiting children under 16 to be sent as poor persons to county almshouses for support, the statute is not available as a defense by a town sued by the county for such support.

Action by the county of Herkimer against the town of Sangerfield to recover expenses for the support of poor persons. Judgment for plaintiff.

George H. Bunce, for plaintiff.

W. H. Weller, for defendant.

WILLIAMS, J. The evidence offered by plaintiff, and objected to by defendant at the trial, is received, and defendant may have an exception. The plaintiff is entitled to recover the item of $61.90 for the support of the family at the Kelley Home from October 29, 1897, to February 9, 1898, under subdivision 12, § 3, of the poor law (chapter 225 of the Laws of 1896, amended by chapter 507 of the Laws of 1897). The evidence shows the family required only temporary assistance, and could be and were provided for at home at less expense than would have been incurred at the county house. The power to do this was given to the county superintendent, and was not confined to the overseer of the poor alone. The objection that plaintiff cannot recover the expenses of supporting the children from February 9, 1898, to March 21, 1898, because such support was furnished at the county house, and not in families, asylums, hospitals, or other appropriate institutions, as required by section 56 of the poor law, is not well taken. The statute was enacted for the protection of the children themselves, and under the peculiar circumstances of this case the letter of the statute could not well be complied with. The support was temporary, to continue for a brief time. The mother and children desired it, and made no objection, and no one interfered in their behalf. The defendant was in no manner injured. The expense incurred was much less than it would have been if the statute could have been and had been literally complied with. The defendant is not in a position to interpose the statute as a bar to the right to recover the expense actually incurred for the support of the children during the brief time they were deprived of the care and support of their father. To have made arrangement for their support as required by the literal reading of the statute would have been a more permanent disposition of the children than was for the good of the family, or the interests of the defendant. The course adopted was a benefit to the defendant, rather than an injury; and no reason is apparent why it should be relieved from bearing the expenses actually incurred. Formal decision will be prepared in accordance with the views here expressed, and agreed upon by counsel and submitted for signature.

Ordered accordingly.